IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RALPH REGINALD CAIN,**

   **Plaintiff,**

v.               **CASE NO. 4:13-cv-77-MW/CAS**

**SHELL OIL CO. and
CIRCLE K. STORES, INC.,**

   **Defendants.**
_____/

### ORDER GRANTING PLAINTIFF'S MOTIONS, ECF NOS. 64 and 66[1]

This Court has considered Plaintiffs' Motion for Order Authorizing Release of Social Security Numbers and Dates of Birth of Former Employees of Circle K Stores, Inc., ECF No. 64, and Plaintiffs' Motion in Limine Regarding Trial Matters, ECF No. 66, and heard argument from counsel at a hearing held on January 17, 2014. For the reasons and subject to the conditions stated on the record, the motions are **GRANTED**.

As to ECF No. 64, Defendant shall provide the requested identifying information to Plaintiff on or before January 24, 2014. Plaintiff shall maintain the

---

[1] These motions were styled for both cases *4:13-cv-77-MW/CAS* and *4:13-cv-78-MW/CAS* although they were only docketed in the prior case. At the hearing, the parties agreed that the motions and this Court's ruling were to apply to both cases.

1

privacy of this information and disseminate it solely for purposes of locating the two witnesses.[2]

As to ECF No. 66, Plaintiff's claim against Defendant is based on Defendant's alleged negligence in failing to adequately secure its premises from foreseeable risks and not on a theory of vicarious liability for the acts of a shooter. These are uniquely independent claims. The fact that a shooter may be responsible for an intentional tort in no way diminishes any negligence of Defendant. Therefore, Defendant may not try to shift blame to a shooter or argue that a shooter is at fault for Plaintiff's injuries because such argument conflates theories of liability and as such has been expressly rejected by the Florida Supreme Court. *See Merrill Crossings Assoc. v. McDonald*, 705 So. 2d 560, 562-63 (Fla. 1997) ("[N]egligent tortfeasors such as in the instant case should not be permitted to reduce their liability by shifting it to another tortfeasor whose intentional criminal conduct was a foreseeable result of their negligence. . . . [I]t would be irrational to allow a party who negligently fails to provide reasonable security measures to reduce its liability because there is an intervening intentional tort, where the

---

[2] Counsel for Plaintiff inquired at the hearing whether he could take depositions of these witnesses if located. This Court ruled that no such depositions may be taken absent the parties' consent. However, in so ruling, this Court acted under assumptions not expressed on the record. First, this Court assumed that Plaintiff had not timely sought to depose these witnesses before the close of discovery. Second, this Court assumed these witnesses, if found, could be subpoenaed and compelled to appear at trial. If either of these assumptions are or turn out to be incorrect, the issue may be revisited. Plaintiff was entitled to rely on Defendant's disclosures. If either witness is unavailable for trial because, for example, the witness now resides outside the subpoena power of this Court, then this Court will permit the deposition of such witness.

intervening intentional tort is exactly what the security measures are supposed to protect against."). In sum, and in direct response to Defendant's inquiry, Defendant will not be permitted to argue an "empty chair defense" or any variation of such a defense.

Foreseeability, however, is a key issue in the instant claim which will inevitably require a discussion of the shooters and whether a shooter's actions were foreseeable in light of the circumstances. For this reason, Defendant as well as Plaintiff can reference the shooters to put the facts in context and to discuss the facts related to foreseeability. For example, Defendant can argue that it did not employ, know, or have reason to know of the shooters and their violent propensities for purposes of discussing foreseeabilty. Such an argument is far different than suggesting Defendant cannot be liable because we did not employ a shooter, an issue of vicarious liability which is not before the jury. Similarly, Defendant will not be permitted to argue that it cannot be held liable because the shooting was an intervening act. In sum, the parties can place the shooting in context and make argument regarding foreseeability but cannot make any argument contrary to the law. This Court said what it meant, and meant what it

said; no argument will be permitted which circumvents the Florida Supreme Court's *Merrill* decision.[3]

The parties are expected to abide by this distinction between discussing the shooters for purposes foreseeability versus redirecting liability and failure to do so will necessitate a strongly worded curative instruction and such other relief as this Court deems appropriate under the circumstances up to and including a mistrial.

**SO ORDERED on January 21, 2014.**

                                              **s/Mark E. Walker**
                                              **United States District Judge**

---

[3] As an aside, this Court also will not permit any argument contrary to the facts in evidence. As noted on the record, there may be no factual issue regarding Messrs. Willis' and Cain's status.